## THE PEOPLE *v.* RIVERA.

### APPEAL from the District Court of Mayagüez.

No. 267.—Decided November 30, 1910.

VIOLATION OF MUNICIPAL ORDINANCES—LICENSES ISSUED BY MUNICIPAL TREAS-
URERS—ALTERNATIVE IMPRISONMENT.—Although the infraction referred to in
section 81 of the Municipal Law of 1906 is punishable by fine only, judges
may impose alternative imprisonment in default thereof; but the extent of
such imprisonment cannot exceed 15 days, in accordance with the provisions
of section 26 of said law, as amended by the Act of March 10, 1910.

The facts are stated in the opinion.

The appellant did not appear.

*Mr. Jesús M. Rossy, fiscal,* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

On August 30 last a sworn complaint was filed before the
justice of the peace court ·of Mayagüez by the treasurer of
said municipality, charging Juan Rivera Vélez with a viola-
tion of municipal ordinances, because he kept a business estab-
lishment open in *barrio* "Mayagüez-Arriba" without paying
the corresponding license tax, although on several occasions
he had been requested so to do.

The court rendered a judgment of conviction from which
an appeal was taken to the district court, where a new
trial was held, and this court sentenced Rivera to pay a fine
of $40 and, in default thereof, to imprisonment for one day for
each dollar remaining unpaid. From this last judgment, ren-
dered on September 28, 1910, the present appeal was taken to
the Supreme Court.

We have examined the transcript of the record and the
legal provisions specially applicable to this case, namely, sec-
tion 81 of "An Act to establish a system of local government,
and for other purposes," approved March 8, 1906, and the
ordinance enacted by the municipal council of Mayagüez on
September 12, 1906, "to regulate the imposition of fines for
violations of section 81 of the Municipal Law," and we do not

find that any fundamental error requiring the reversal of the judgment has been committed; but have observed, however, an error in the imposition of the punishment, which we shall point out and correct.

Although the offense prosecuted in this case is punishable only by fine, in accordance with the provisions of section 322 of the Code of Criminal Procedure, the court has power to decree the imprisonment of the accused in case the fine should not be paid, and, in accordance with the provisions of said section and especially those of section 26 of the above-mentioned Municipal Law of 1906, as amended by the Act of March 10, 1910 (Laws of P. R., p. 111), the extent of the imprisonment should have been limited to 15 days.

In virtue whereof and of the powers vested in us by section 364 of the Code of Criminal Procedure, the judgment appealed from should be modified accordingly.

*So ordered.*

Chief Justice Hernández and Justices MacLeary and Wolf concurred.

Mr. Justice Figueras did not take part in the decision of this case.